Michael B. Kramer [MK 7071]
MICHAEL B. KRAMER & ASSOCIATES
150 East 58th Street
New York, New York 10155
(212) 319-0304

*Attorneys for Defendant*
*MUSIC PUBLISHING COMPANY OF*
*AMERICA, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THOMAS "SNUFF" GARRETT,                    Index No. 5627 CV 09 (DC)
Individually and d/b/a GARRETT MUSIC
ENTERPRISES,
                          Plaintiff,                  **ANSWER AND**
                                                  **AFFIRMATIVE**
              -against-                              **DEFENSES**

MUSIC PUBLISHING COMPANY OF
AMERICA, LLC,
                          Defendant.
-----------------------------------------------------------------X

       **PLEASE TAKE NOTICE** that the Defendant, MUSIC PUBLISHING COMPANY OF AMERICA, LLC ("MPCA" or "Defendant"), hereby appears by its attorneys, Michael B. Kramer & Associates, and as and for its answer to the Complaint of THOMAS "SNUFF" GARRETT, Individually and d/b/a GARRETT MUSIC ENTERPRISES, ("Garrett" or "Plaintiff"), answers as follows:

### AS TO THE PARTIES

       1.    MPCA lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

       2.    MPCA admits the allegations contained in paragraph "2" of the Complaint.

## AS TO JURISDICTION AND VENUE

3.  MPCA lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint.

4.  MPCA lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint.

## AS TO FACTS COMMON TO ALL CLAIMS

5.  MPCA denies each and every allegation contained in paragraph "5" of the Complaint except admits that MPCA and Garrett fully executed an agreement on November 5, 2008 (the "Agreement"), and MPCA respectfully refers the Court to the full text of the Agreement for the meaning of the terms set forth therein.

6.  MPCA denies each and every allegation contained in paragraph "6" of the Complaint except admits that MPCA and Garrett fully executed an agreement on November 5, 2008 (the "Agreement"), and MPCA respectfully refers the Court to the full text of the Agreement for the meaning of the terms set forth therein.

7.  MPCA denies each and every allegation contained in paragraph "7" of the Complaint.

8.  MPCA denies each and every allegation contained in paragraph "8" of the Complaint.

9.  MPCA admits the allegations contained in paragraph "9" of the Complaint.

10. MPCA denies each and every allegation contained in paragraph "10" of the Complaint.

## AS TO THE FIRST CLAIM

11. MPCA repeats and reasserts the responses set forth in paragraphs "1" through "10" of this Answer as if fully set forth herein.

12. MPCA denies each and every allegation contained in paragraph "12" of the Complaint.

13. MPCA denies each and every allegation contained in paragraph "13" of the Complaint, except admits that on December 12, 2008, Plaintiff transmitted to MPCA what purported to be an assignment of the musical composition entitled "Half Breed."

14. MPCA denies each and every of the allegations contained in paragraph "14" of the Complaint.

15. MPCA denies each and every allegation contained in paragraph "15" of the Complaint.

16. MPCA denies each and every allegation contained in paragraph "16" of the Complaint.

17. MPCA denies each and every of the allegations contained in paragraph "17" of the Complaint.

18. MPCA denies each and every allegation contained in paragraph "18" of the Complaint.

## AS TO THE SECOND CLAIM

19. MPCA repeats and reasserts the responses set forth in paragraphs "1" through "18" of this Answer as if fully set forth herein.

20. MPCA denies each and every allegation contained in paragraph "20" of the Complaint except admits that MPCA and Garrett executed an agreement on November 5, 2008 (the "Agreement"), and MPCA respectfully refers the Court to the full text of the Agreement for the meaning of the terms set forth therein.

21. MPCA denies each and every allegation contained in paragraph "21" of the Complaint.

22. MPCA denies each and every allegation contained in contained in paragraph "22" of the Complaint.

23. MPCA denies each and every allegation contained in paragraph "23" of the Complaint.

24. MPCA denies each and every allegation contained in paragraph "24" of the Complaint.

25. MPCA denies each and every allegation contained in paragraph "25" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

26. The Complaint fails to state a cause of action as against MPCA upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

27. The causes of action asserted in the Complaint are barred by documentary evidence, including, but not limited to, the Agreement.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

28. Plaintiff's claims are barred, in whole or in part, for lack of standing.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

29. Plaintiff's claims are barred by the doctrine of waiver.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

30. Plaintiff is estopped from asserting the causes of action asserted in the Complaint.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

31. Any damages suffered by Plaintiff were the direct consequence and/or were contributed to by the negligent acts and/or omissions of the Plaintiff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

32. Any damages suffered by Plaintiff were the direct consequence and/or were contributed to by the negligent acts and/or omissions on the part of persons over whom the Defendant had no control.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

33. Any damages suffered by Plaintiff were caused by Plaintiff's failure to comply with a condition precedent contained in the Agreement.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

34. The Defendant has not knowingly and intentionally waived any applicable affirmative defense and reserves the right to raise additional affirmative defenses as they become known to the Defendant through discovery in this matter. The Defendant further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that the Defendant determines are not applicable during the course of subsequent discovery.

**WHEREFORE**, MPCA demands judgment against the Plaintiff dismissing the Complaint and each and every cause of action contained therein with prejudice, and regretfully demands that the Court grant MPCA such other and further relief as the Court may deem just and proper, including the costs and attorneys fees of MPCA in this action.

Dated: New York, New York
July 28, 2009

_____
MICHAEL B. KRAMER
Michael B. Kramer & Associates
Attorneys for Defendant
150 East 58th Street
New York, New York 10155
(212) 319-0304

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
THOMAS "SNUFF" GARRETT,                    Index No. 5627 CV 09 (DC)
Individually and d/b/a GARRETT MUSIC
ENTERPRISES,                               **AFFIDAVIT**
              Plaintiff,   **OF SERVICE**

     -against-

MUSIC PUBLISHING COMPANY OF
AMERICA, LLC,
              Defendant.
---------------------------------------------------------------X

    ELENI PATRAS, being duly sworn, says;

    I am not a party to the action, and am over 18 years of age and reside in the State of New York.

    On July 28, 2009, I caused a true copy of the annexed Answer and Affirmative Defenses and Rule 7.1 Statement, to be served by hand upon:

              David N. Tarlow, Esq.
              Coggan & Tarlow
              Attorney for the Plaintiff
          641 Lexington Avenue, 14th Floor
            New York, New York 10022

                            _____
                            ELENI PATRAS

Sworn to before me this
28th day of July, 2009

_____

Morgan Downer
Notary Public, State of New York
No.: 02DO6152128
Qualified in New York County
Commission Expires August 28, 2010

G:\MBKA\AFFSERVS\MPCA.adv.garrett.hand.doc